*769 OPINION.
Love:
The first contention of the petitioner is that the Commissioner erred in disallowing the application of the 25 per cent reduction provided by section 1200 of the Revenue Act of 1924 to that portion of his income for 1924 which came from the proportionate 1923 earnings of his partnership, which had a fiscal year. The issue thus presented has heretofore been considered by the Board in Charles Colip, 5 B. T. A. 123, wherein it was held that the Commissioner did not err by reason of such action. Accordingly, his action in this respect herein is approved.
The petitioner’s next contention is that the Commissioner erred in reducing his earned income from $10,000 as reported by him, to $5,985.84, thereby reducing the earned-income tax credit of $55, as claimed. It is also contended by the petitioner that the earned-income tax credit of $12.18 as computed by the Commissioner on earned income of $5,985.84 is erroneous on its face.
The petitioner alleged that for the year 1924 he received as salary from the Island Woolen Co., a corporation, the amount of $25,416.67, of which amount he reported as earned income the maximum allowed by the statute, to wit, $10,000, which amount, it is alleged, was erroneously reduced to $5,985.84. .In his answer, the Commissioner admits that the petitioner reported the amount of $25,416.67 as salary but denies the receipt thereof and he further admits that the earned-income tax credit of $12.18, as computed by him, was based upon the amount of $5,985.84. The burden of proof with respect to the amount of salary received, is, therefore, on the petitioner.
In support of a motion to increase the deficiency herein, which motion will be considered hereinafter, the Commissioner, by his attorney, introduced in evidence, solely for the purpose of showing the method of computing the increased deficiency, a revenue agent’s report covering the year in question, a memorandum from the assistant to the Commissioner to the General Counsel of Internal Revenue and the notice of deficiency, dated December 23, 1926, which notice sfets forth the increased amount in respect of which the motion was made. All of these documents, introduced for the limited purpose of showing the method of computing the increased deficiency, if considered as evidence for any other purpose, tend to substantiate the *770 petitioner’s allegation with respect to the amount of salary received and his consequent right to report and have his earned-income tax credit computed on the basis of $10,000. We are of the opinion, however, that the above-described documents have been introduced in evidence for the limited purpose stated. They do not constitute proof of the receipt of the alleged salary or overcome the presumption of correctness with respect to the Commissioner’s action in reducing earned income to $5,985.84.
We agree, however, with the petitioner’s contention that the earned-income tax credit of $12.18 computed on earned income of $5,985.84 is erroneous on its face. The Commissioner’s computation in the notice of deficiency of December 8, 1925, is as follows:
Computation of Tax.
19. Earned Income_$5,985. 84
20. Less Personal Exemption and Credit for Dependents_ 2, 500. 00
21. Balance (Item 19 minus 20)_ 2,485.84
22. Amount taxable at 2% (not over the first $4,000 of Item 21)_ 2,485. 84
23. Amount taxable at 4% (not over the second $4,000 of Item 21)_ None
24. Amount taxable at 6% (balance over $8,000 of Item 21)_ None
25. Normal Tax (2% of Item 22)_ 48. 72
26. Normal Tax (4% of Item 23)_ None
27. Normal Tax (4% of Item 24)_ None
28. Total Normal Tax Computed on Earned Net Income_ 48.72
29. Credit of 25% of Tax on Earned Net Income_ 12.18
It is apparent that in subtracting Item 20 from Item 19, an error of $1,000 was made. The correct computation is:
Earned income_$5, 985. 84
Less personal exemption and credit for dependents_ 2, 500. 00
Balance-¿_ 3,485.84
Taxable at 2%_ 69. 72
Total normal tax_ 69.72
Credit of 25%_ 17.43
The remaining point for consideration, the Commissioner’s motion to increase the deficiency for 1924 from $923.10, as proposed in the notice of December 3, 1925, and from which this appeal is brought, to $1,316.27, as proposed in the notice of December 23, 1926, has been decided adversely to the Commissioner in Georgiana McFetridge, 9 B. T. A. 759. Accordingly, the motion herein is denied.
The deficiency proposed in the notice of December 3, 1925, should be recomputed, giving effect to the correct earned-income tax credit of $17.43.
Reviewed by the Board.

Judgment will T>e entered on 15 days’ noti'ce, under Rule 50.

Teussell dissents.